UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEONARD W. CACIOPPO, an individual | Case No.: C 12-6391 PSG |
| Plaintiff, | **REPORT AND RECOMMENDATION RE: MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS** |
| v. | |
| COMMERCIAL RECOVERY SYSTEMS, INC., MALCOM WALKER, TONI WARREN, and DOES 1 through 10, inclusive, | |
| | **(Re: Docket No. 22)** |
| Defendants. | |

Plaintiff brings this action under the Federal Fair Debt Collection Practices Act ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). On June 25, 2013, Plaintiff Leonard Cacioppo ("Plaintiff") appeared for the case management conference. Defendants did not, nor have they appeared or filed a single item on the docket since they were served on December 21, 2012. Plaintiff now moves for default judgment against all defendants. Having considered the papers, the undersigned orders that this case be reassigned to a U.S. District Judge with a recommendation that Plaintiff's motion be GRANTED.[1]

---

[1] While Defendants have not appeared or consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1), it has been served. As a result, it is considered a party and its consent is required for this court to enter a dispositive ruling. *Cf. Neals v. Norwood,* 59 F. 3d 530, 531 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under

1

Case No.: 12-6391 PSG
REPORT AND RECOMMENDATION

## I. BACKGROUND

The facts of this case are undisputed. At some point prior to November, 2012, Plaintiff accrued a personal debt in the form of a line of credit, and he fell behind in his payments.[2] The debt was transferred to Defendant Commercial Recovery Services for collection purposes.[3]

On December 4, 2012, Defendant Michael Walker ("Walker") left Plaintiff a voicemail regarding a pending "civil suit or garnishment in Sonoma County."[4] On December 5, 2012, Plaintiff returned Walker's call and was transferred to Defendant Toni Warren ("Warren"). Warren told Plaintiff that Capital One was requesting a civil suit against him, that Capital One was entitled to a default judgment, and that Plaintiff would be informed when the suit was officially filed.[5] As of October 1, 2013, Plaintiff has not received notice of such a suit. Throughout these interactions, Defendants failed to identify themselves as debt collectors, provide Plaintiff with written notice of his right to dispute the debt, or notify Plaintiff that he had a right to the name and address of the original creditor.

Plaintiff filed suit in this court on December 18, 2012,[6] and on December 21, 2012, Defendants were served.[7] Since that time, Defendants have taken no action in this case. They have not communicated with Plaintiff's counsel about the matter at any time, nor have they appeared in court at any time.

---

42 U.S.C. § 1981 as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

[2] *See* Docket No. 1, ¶¶ 21-22, 24.

[3] *See id.*, ¶ 25.

[4] *Id.*, ¶ 29.

[5] *See id.,* ¶¶ 44-45.

[6] *See id.*

[7] *See* Docket Nos. 6-8.

2

Case No.: 12-6391 PSG
REPORT AND RECOMMENDATION

## II. LEGAL STANDARDS

When a party against whom a judgment for affirmative relief is sought "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, "the court must enter the party's default."[8] After entry of default, district courts are authorized to grant default judgment, so long as the judgment does not "differ in kind from or exceed in amount, what is demanded in the pleadings."[9] The factors the court may consider in ruling on a motion for default judgment include: (1) the substantive merits of plaintiff's claim; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to plaintiff if relief is denied; (5) the possibility of dispute as to any material facts in the case; (6) whether default resulted from excusable neglect; and (7) the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits.[10]

## III. DISCUSSION

### A. The Substantive Merits Of Plaintiff's Claim And The Sufficiency Of The Complaint

The first two *Eitel* factors seek to determine whether the plaintiff has stated a claim on which he may recover.[11] In considering these two factors, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[12]

---

[8] Fed. R. Civ. P. 55(a).

[9] Fed. R. Civ. P. 54(c); *see also* Fed. R. Civ. P. 55.

[10] *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

[11] *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir. 1978)).

[12] *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

3

Case No.: 12-6391 PSG
REPORT AND RECOMMENDATION

Plaintiff's complaint asserts two causes of action: a violation of the FDCPA[13] and a violation of the Rosenthal Act.[14] A defendant may violate the provisions of the FDCPA in a myriad of ways, and the Rosenthal Act incorporates many of these violations by reference. Plaintiff in this case alleges that Defendants violated by: failing to disclose that they were attempting to collect a debt (in violation of 15 U.S.C. §1692e(11) and Cal. Civ. Code § 1788.17),[15] failing to provide written notice within five days that Plaintiff must contest the debt or it would be assumed valid (in violation of 15 U.S.C. §1692g and Cal. Civ. Code § 1788.17),[16] and making false statements regarding a pending lawsuit against Plaintiff (in violation of 15 U.S.C. §1692d, §1692e, and §1692f, and Cal. Civ. Code § 1788.17).[17]

The complaint sets forth specific facts to support each of these allegations. Defendants' December 4, 2012 voicemail failed to notify Plaintiff that Defendants' were attempting to collect a debt.[18] Defendants did not provide Plaintiff with written notice of his rights in the course of the debt collection within five days of their initial contact.[19] Defendants informed Plaintiff that there was a lawsuit pending against him, which, to the best of Plaintiff's knowledge, there is not.[20] These allegations are sufficient to succeed on the merits.

---

[13] 15 U.S.C. §§ 1692 et seq.

[14] Cal. Civ. Code §§ 1788-1788.32.

[15] *See* Docket No. 1, ¶¶ 31-32.

[16] *See id.*, ¶¶ 33-34.

[17] *See id.*, ¶¶ 36-42.

[18] *See* Docket No. 1, ¶ 30.

[19] *See id.* ¶ 33.

[20] *See id.* ¶ 44-45.

### B. The Amount Of Money At Stake

Plaintiff is seeking $2000 in actual damages for emotional distress, pursuant to 15 U.S.C. § 1682k(a)(1).[21] Plaintiff also seeks statutory damages pursuant to 15 U.S.C. § 1682k(a)(2)(A), Cal. Civ. Code § 1788.30(B), and Cal. Civ. Code § 1788.17, for a total of $3000 in statutory damages.[22] Finally, Plaintiff hopes to recover $5725.70 in attorney costs and fees, bringing the total damages sought to $10,725.70.[23]

### C. The Possibility Of Dispute As To Material Facts

The facts alleged in this case are easily verifiable through records and recorded conversations. Plaintiff's voicemail recording is sufficient to substantiate two claims under the FDCPA and, relatedly, the Rosenthal Act.[24] There is a low likelihood that Defendants would successfully be able to contest the material facts.

### D. Whether Default Resulted From Excusable Neglect

The court next considers whether Defendants' failure to appear was due to excusable neglect. Plaintiff has provided satisfactory proof that Defendants were served. They have never sent the court notice of their absences, and they have not responded to Plaintiff's motion for default judgment. No circumstances suggest their failure to appear was due to excusable neglect.

### E. Possibility Of Prejudice To The Plaintiff And Public Policy Concerns

Public policy will not be harmed by granting default judgment. Although the Rules of Civil Procedure favor decisions on the merits, such a decision is not possible because Defendants refuse

---

[21] *See* Docket No. 22 at 17.

[22] *See id.*

[23] *See id.*

[24] *See* Docket No. 1, ¶¶ 45-46.

5

Case No.: 12-6391 PSG
REPORT AND RECOMMENDATION

to participate in this case.  Further, the potential prejudice to the plaintiff weighs in favor of granting default judgment.  Plaintiff will likely have no recourse if the default is denied.[25]

### IV.    CONCLUSION

Because each of the *Eitel* factors weighs in favor of the Plaintiff, the court recommends that Plaintiff's motion for default judgment be GRANTED and judgment against Defendants entered in the amount of $10,725.70.

**IT IS SO ORDERED.**

Dated: October 4, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[25] *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

Case No.: 12-6391 PSG
REPORT AND RECOMMENDATION